In the Matter of RAY B. ROBERTS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, June 1, 1979

## APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*Justin V. Purcell* and *Ray B. Roberts, pro se,* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted by order of the Appellate Division, Third Department, on November 16, 1961 and maintains an office for the practice of law in Corning. He was charged with the following professional misconduct:

That on or about February 25, 1976 respondent was retained by Leola J. Almy Shaeffer to settle two outstanding obligations which she had with two separate lending institutions totaling approximately $5,050; on that date the client delivered to respondent the sum of $5,050 with the understanding that the money would be used to settle these accounts, the legal fees not to exceed $500, to be taken out of the balance after settlement. Respondent deposited this money in his general trust account at First Bank and Trust Company of Corning but he failed to pay his client's creditors and, as a result, one of them served her with a summons and complaint in June, 1976, demanding approximately $4,200. Mrs. Shaeffer delivered the summons and complaint to respondent who indicated that he would take care of the matter as originally retained or enter a notice of appearance and answer on her behalf. He did neither and as a result a default judgment was entered against Mrs. Shaeffer for the sum of $5,290. Mrs. Shaeffer was unaware of respondent's inaction until she received notice that her wages were garnisheed. In October, 1976 Mrs. Shaeffer requested respondent to return the $5,050 previously advanced to him. He returned $4,550 to Mrs. Shaeffer and withheld the balance of $500 for his legal fees. Between February 25, 1976 and October, 1976 respondent's only contact with his client's creditors consisted of one telephone call to each. During the period from February 25, 1976 to October, 1976 respondent failed to preserve his client's funds in that the closing monthly balances of his general trust account where he deposited the $5,050 fell well below this amount in the months of February, April, May, July, August and September.

Prior to the service of the petition respondent repaid Mrs. Shaeffer in full with interest and he paid the legal fees and disbursements required by her substituted attorneys to settle the claims. Respondent admits the allegations of professional misconduct set forth in the petition and submits himself to discipline by this court.

Respondent violated canons 6 and 7 of the Code of Profes-

sional Responsibility in that he neglected a legal matter entrusted to him and failed to carry out a contract of employment to the immediate damage of his client. Respondent also violated canon 9 of the Code of Professional Responsibility in that he failed to preserve the identity of funds and property of his client as required by subdivisions (A) and (B) of DR 9-102 and he also violated subdivision (a) of section 1022.5 of the Fourth Judicial Department Rules (22 NYCRR 1022.5 [a]) relating to attorneys in that he commingled and converted his client's funds. Respondent further violated DR 2-110 in that he failed to return legal fees paid in advance that had not been earned after employment had been terminated.

In mitigation of this conduct, it appears that during the early months of 1976 respondent experienced serious personal, marital and financial problems. While these circumstances do not excuse his actions, they explain his uncharacteristic conduct. Respondent has practiced law for some 18 years without any prior complaint. Respondent made full restitution to his client before the grievance was filed against him. In determining an appropriate measure of discipline, we have taken these matters into consideration. Respondent should be suspended from the practice of law for a period of one year and until the further order of this court.

DILLON, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and CALLAHAN, JJ., concur.

Order of suspension entered.